FILED
SUPERIOR COURT
OF GUAM

2022 JUL -8 PM 1: 50

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

TERRITORY OF GUAM
EX REL JOHN RYAN,

    Plaintiff-Relator,

    v.

PERMARCH GUAM, INC.,
JOHN DOES 1-4,

    Defendants.

Civil Case No. CV1279-19

**DECISION AND ORDER
DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 9, 2022 for hearing on Plaintiff Territory of Guam Ex Rel. John Ryan's ("Plaintiff's") Motion for Partial Summary Judgment ("Motion"). Attorneys Deborah Fisher and Braddock Huesman represent Plaintiff, and Attorney Louie Yanza represents Permarch Guam, Inc. ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Plaintiff's Motion.

## BACKGROUND

I. **It is an undisputed fact that Guam law requires payment of taxes on all alcohol imported/sold in Guam.**

The sale of tax-free liquor in Guam is prohibited. See 11 G.C.A. §3435. Transportation, importation, or use of alcoholic beverages in Guam without payment of tax is also prohibited. See 11 G.C.A. §3702.

The law presumes that any alcohol Defendant imports is taxable. See 11 G.C.A. § 26303. Alcohol is taxed by the amount of liquid volume imported / sold into Guam. See 11

Decision and Order Denying Plaintiff's Motion for Partial Summary Judgment
CV1279-19, *Territory of Guam Ex Rel. John Ryan v. Permarch Guam, Inc., John Does 1-4*
Page 1 of 5

G.C.A. §26302. This tax is to be paid through the filing of GRT-3 Forms "on or before the twentieth (20th) day following the close of the calendar month in which the taxes shall accrue." See 11 G.C.A. § 26110(a)(1).

As a wholesaler who routinely imports/sells large quantities of alcohol in Guam, Defendant is generally subject to paying taxes on said alcohol.

II. **Procedural History**

On November 5, 2019, Plaintiff brought action against Defendant alleging Defendant violated the False Claims and Whistleblower Act, as codified in 5 G.C.A. § 37101. See Verified Complaint at ¶ 1 (Nov. 5, 2019). Specifically, Plaintiff alleges Defendant failed to pay taxes on alcohol imported and sold into Guam, filed false tax returns not reflecting the amount of alcohol Defendant sold, and then falsely claimed compliance with their tax obligations. Id. at ¶60-90.

On May 28, 2021, Plaintiff filed his Motion for Partial Summary Judgment. Plaintiff seeks a judgment of liability as to Count 1 (Failure to Pay Tax). See Motion at 1 (May 28, 2021). Plaintiff bases his summary judgment demand on two sources. First, Plaintiff claims Defendant admitted to paying no taxes, as indicated by their failure to provide GRT-3 Forms requested through discovery. See Motion at 9-10 (May 28, 2021); Declaration of Braddock Huesman in Support of Motion ("Huesman Declaration"), *Exhibit* B (May 28, 2021). Second, Plaintiff claims Defendant routinely priced alcohol below its tax value, making it impossible to sell alcohol while simultaneously making a profit. See Motion at 10-11 (May 28, 2021).

On December 2, 2021, Defendant filed their Opposition to Plaintiff's Motion ("Opposition"). Defendant argued equitable estoppel prohibits Plaintiff from pursuing liability. See Opposition at 2-3 (Dec. 2, 2021). Specifically, Defendant claims the Guam Department of Revenue and Taxation ("DRT") informed Defendant there was no need to pay alcohol taxes since they were a wholesaler. Id at 1-2. Defendant now finds it unjust to pay back several years' worth of taxes given their current financial situation. Id. at 3. Defendant

Decision and Order Denying Plaintiff's Motion for Partial Summary Judgment
CV1279-19, *Territory of Guam Ex Rel. John Ryan v. Permarch Guam, Inc., John Does 1-4*
Page 2 of 5

claims if he is to pay back taxes, it should only be for three years due to the statute of limitations. Id. at 3.

On February 1, 2022, Plaintiff filed their Reply to Defendant's Opposition ("Reply"). Plaintiff argues that Defendant failed to provide any probative evidence supporting their affirmative defense, which is necessary to defeat a summary judgment motion. See Reply at 2-3 (Feb. 1, 2022). Plaintiff further argues that Defendant failed to properly lay out several prongs necessary for the equitable estoppel defense. Id. at 5-10.

The Court held a hearing on May 9, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I. **Legal Standard:**

a. **For Summary Judgment:**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Hawaiian Rock Products Corp. v. Ocean Housing, Inc.*, 2016 Guam 4 ¶ 26 (quoting GRCP 56(c)) (internal quotations omitted). "Genuine issues" are factual disputes requiring resolution by a fact-finder. See *Hayle v. Hemlani*, 2000 Guam 25 ¶ 20. "Material facts" are "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id. at ¶ 20.

The court "must view the evidence and draw inferences in the light most favorable to the non-movant." Id. at ¶ 21 (internal citation omitted). "If the movant can demonstrate there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." Id. at ¶ 21 (internal

Decision and Order Denying Plaintiff's Motion for Partial Summary Judgment
CV1279-19, *Territory of Guam Ex Rel. John Ryan v. Permarch Guam, Inc., John Does 1-4*
Page 3 of 5

citation omitted). If the non-movant is unable to do so, summary judgment shall be entered against the adverse party. See GRCP 56(e).

### b. For Equitable Estoppel:

Equitable estoppel is an affirmative defense allowing a defendant to prevent a plaintiff from bringing their case forward due to the plaintiff's previous actions/conduct. See *Mobil Oil Guam, Inc. v. Young Ha Lee*, 2004 Guam 9 ¶ 24.

A party asserting equitable estoppel against a government entity must establish four elements:

> First, there must be "wrongful conduct" on the part of an authorized government agent. Second, the party seeking equitable relief must reasonably rely on the wrongful conduct. Third, the party must incur a unique expenditure in reliance on the wrongful conduct. Finally, the balance of the equities must weigh in favor of estoppel.

See *City of North Oaks v. Sarpal*, 797 N.W.2d 18, 25 (Minn. 2011) (internal citations omitted).

## II. Defendant's equitable estoppel defense creates a genuine issue of material fact submissible to a jury.

Defendant's equitable estoppel defense has brought a number of material facts into dispute. The specific material facts in dispute are whether DRT informed Defendant of their tax immunity, whether Defendant reasonably relied on that information, and whether Defendant's reliance resulted in a unique expenditure. See *City of North Oaks*, 797 N.W.2d at 25. These are all material facts because they are necessary for Defendant's affirmative defense, potentially determining the outcome of this suit. See *Hayle*, 2000 Guam 25 ¶ 20.

These material facts must be submitted to a fact-finder because they remain in dispute. While Plaintiff challenges the amount of probative evidence Defendant has supporting their equitable estoppel defense, it is ultimately up to a fact-finder to listen to Defendant's testimony and determine how much credence to give it. As it stands, Defendant has presented enough information to create a triable issue of material fact. It would be

Decision and Order Denying Plaintiff's Motion for Partial Summary Judgment
CV1279-19, *Territory of Guam Ex Rel. John Ryan v. Permarch Guam, Inc., John Does 1-4*
Page 4 of 5

improper to dispose of this case via summary judgment while this material factual issue remains in dispute.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion. Partial summary judgment will not be granted on Count One, as general issues of material fact remain in dispute.

**IT IS SO ORDERED** this _____July 8, 2022_____.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Fisher Hulsman, AG,_
_Louie Yanza_
Date: 7/8/22 Time: 2:02 pm

Deputy Clerk, Superior Court of Guam

Decision and Order Denying Plaintiff's Motion for Partial Summary Judgment
CV1279-19, *Territory of Guam Ex Rel. John Ryan v. Permarch Guam, Inc., John Does 1-4*
Page 5 of 5